IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER BRADLEY,**<br><br>Petitioner,<br><br>v.<br><br>**COPENHAVER, Warden,**<br><br>Respondent. | Case No. 1:14-cv-01283 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant habeas petition in this Court on August 15, 2014. He is currently incarcerated at United States Prison Atwater. Petitioner arose from his November 2, 2005 conviction in the Eastern District of New York. Petitioner plead guilty to federal charges of intentionally killing an individual while engaged in a conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 848(e)(1)(A). United States v. Bradley, 2013 U.S. Dist. LEXIS 74811, 1-2 (E.D.N.Y. May 28, 2013). Petitioner was sentenced to 276 months of federal imprisonment. Id. Presently, Petitioner argues that he is actually innocent of the murder charges because he was not the "but for" cause of the murder and lacked the requisite intent required. (See generally Pet.)

1

## I. SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner

may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal

3

court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. Here, Petitioner has sought review of his federal petition several times. After his 2005 conviction, Petitioner failed to appeal the decision or file a motion pursuant to § 2255 within the year limitation period. Bradley v. Daniels, 2010 U.S. Dist. LEXIS 114190, 4-5 (E.D.N.Y. Oct. 27, 2010). On March 8, 2010, Petitioner filed petition seeking relief pursuant to 28 U.S.C. § 2241 in his district of conviction. Bradley v. United States, 2011 U.S. Dist. LEXIS 42777 (E.D.N.Y. Apr. 20, 2011). The court converted the petition to one pursuant to 28 U.S.C. § 2255 on October 27, 2010, and on April 20, 2011, the Court dismissed the motion as untimely. Id. On August 19, 2013, Petitioner filed a second motion challenging his conviction which was again construed as a motion 28 U.S.C. § 2255 by the court of conviction. Bradley v. United States, 2013 U.S. Dist. LEXIS 127768 (E.D.N.Y. Sept. 6, 2013). On September 6, 2013, finding that Petitioner had not obtained permission from the Court of Appeals, denied the petition as successive. Id.[1]

While Petitioner's subsequent § 2255 motions may be procedurally barred as successive and untimely, such an obstacle is not sufficient to show that he lacked an unobstructed opportunity to present his claims. Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v.

---

[1] It is noted that Petitioner also challenged the calculation of his sentence in a motion for clarification filed in the district of conviction. The motion was denied on May 28, 2013. See United States v. Bradley, 2013 U.S. Dist. LEXIS 74811 (E.D.N.Y. May 28, 2013). Petitioner has presented a similar challenge to the calculation of his sentence in a petition pursuant to 28 U.S.C. § 2241 filed in this district on April 13, 2012. See Bradley v. Rios, E.D. Cal. Case No. 1:12-cv-00580-LJO-JLT. The case remains pending. However, as it challenges the calculation Petitioner's sentence and not Petitioner's underlying conviction, it does not impact the Court's determination in this matter.

Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed § 2255 motions and they have been denied. Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008).

Petitioner seeks review of his conviction and sentence under § 2241, arguing that the drug conspiracy was not an independently sufficient or "but-for" cause of the victim's death, and under Burrage v. United States, 134 S. Ct. 881, 187 L. Ed. 2d 715 (2014), he is actually innocent of the crime. Accordingly, Petitioner believes his sentence is unlawfully long. Because Petitioner is challenging the validity of his conviction and not the manner in which his sentence is being administered, § 2255's exclusive remedy rule bars the present petition unless the savings clause applies.

The Court turns to whether the Petitioner has had "any opportunity" to seek relief from the sentencing court on the claim presented here. See Abdullah, 392 F.3d at 959. If so, then he cannot show that § 2255 is either inadequate or ineffective. In his direct appeal, Petitioner could have challenged whether there was sufficient evidence to support a finding that the drug conspiracy "resulted in" the victim's death, but he did not.

Petitioner appears to argue that Burrage affords him an argument previously unavailable to him when he pursued his first and second § 2255 motions, rendering his § 2255 remedy "inadequate or ineffective." It is true that, having already brought a § 2255 motion, any further motions in the district of conviction would be viewed as a "second or successive" § 2255 motion, which cannot be entertained by the trial court without the

circuit court's prior authorization. 28 U.S.C. §§ 2244(b)(3), 2255(h). The requirement of a pre-authorization order, however, is merely a procedural barrier that does not render Petitioner's remedy under § 2255 ineffective or inadequate. See Abdullah, 392 F.3d at 959.

Moreover, although the one-year limitations period for § 2255 motions under 28 U.S.C. § 2255(f) has run since his conviction, that also does not render § 2255 inadequate or ineffective, for two reasons. First, it, too, is merely a procedural barrier, which is not sufficient to trigger the savings clause. See Abdullah, 392 F.3d at 959. Second, if Burrage does, as Petitioner argues, create a new right that is retroactively applicable to cases on collateral review, the one-year limitations period would re-commence on January 27, 2014, the date Burrage was decided. See 28 U.S.C. § 2255(f)(3). Therefore, not only has Petitioner had prior opportunities to raise his claim with the sentencing court, but if Burrage in fact created a new and retroactive right, he can still seek a pre-authorization order from the circuit court to raise this claim in the district of conviction. For these reasons, Petitioner cannot show that the § 2255 remedy is inadequate or ineffective in order to invoke the savings clause in this case.

Although Burrage was decided on January 27, 2014, after Petitioner filed his § 2255 motions, no court has yet found Burrage retroactively applicable to cases on collateral review. See, e.g., Rutledge v. Cross, No. 14-cv-539-DRH, 2014 U.S. Dist. LEXIS 77290, 2014 WL 2535160, at *3 (S.D. Ill. June 5, 2014); De La Cruz v. Quintana, No. 14-cv-28-KKC, 2014 U.S. Dist. LEXIS 60526, 2014 WL 1883707, at *6 (E.D. Ky. May 1, 2014). On the other hand, the Eighth Circuit recently remanded to the district court in the Northern District of Iowa to consider whether Burrage applies retroactively. Ragland v. United States, 756 F.3d 597, 601-02 (8th Cir. 2014). The Eighth Circuit broadly construed the defendant's motion as claiming that Burrage should apply retroactively to cases on collateral review because the Supreme Court's decision "narrow[ed] the scope of a criminal statute by interpreting its terms." Id. It further observed that such "[n]ew substantive rules generally apply retroactively" "because they

'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." Id. at 602 (citations omitted) (emphasis in original).

This Court need not resolve the question of whether Burrage has retroactive application, however, because even if Burrage applies retroactively, there is no miscarriage of justice here. First, as already noted, if Burrage applies retroactively, then Petitioner still has an opportunity to raise his claim with the sentencing court in a successive § 2255 motion, if he can obtain the necessary pre-authorization order. If Burrage does not apply retroactively, then Petitioner fails to meet the second condition for applying the § 2255 savings clause because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

In this case, Petitioner has not presented a strong case of factual innocence. Instead, Petitioner argues under Burrage he should not have been found guilty of the offense of murder in aid of a drug conspiracy because the killing of the victim was without the requisite intent and not connected to the conspiracy. (See Pet. at 13-14.) Petitioner's argument technical legal elements of the crime. Petitioner does not refute

that he killed the victim or that he was involved in a drug conspiracy. He only challenges whether the killing related to his participation in the conspiracy.  Petitioner has not presented sufficient factual support to establish a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch.

Accordingly, Petitioner has not met either prong of the savings clause, and the Court recommends that the petition be dismissed.

### III. **RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 1, 2014              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE